# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| | : | |
| v. | : | Mag. No. 21-10439 |
| | : | |
| CHAD CHRISTOPHER CORBIN JR. | : | **CRIMINAL COMPLAINT** |

I, Special Agent Brian Salamone, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent of the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

*Brian Salamone*
Brian Salamone
Special Agent, FBI

Special Agent Salamone attested to this Complaint
by telephone pursuant to FRCP 4.1(b)(2)(A)
on December 8, 2021 in the District of New Jersey

*Michael A. Hammer*
HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## COUNT ONE
(Transportation of a minor to engage in prohibited sexual activity)

From on or about November 25, 2020 through on or about November 26, 2020, in Warren County, in the District of New Jersey, and elsewhere, the defendant,

CHAD CHRISTOPHER CORBIN JR.,

did knowingly transport, from Warren County, New Jersey to the District of Maryland, an individual who had not attained the age of 18 years (the "Victim"), with the intent that the Victim engage in sexual activity for which any person can be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2423(a).

**ATTACHMENT B**

I, Brian Salamone, am a Special Agent with the Federal Bureau of Investigation ("FBI"), and I am fully familiar with the facts set forth herein based on my own investigation and my conversations with other agents, and members of law enforcement and my review of their reports and of items of evidence. Where statements of others are related herein, they are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged. Since this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.

1. In or around October 2020, a 14-year-old resident of the District of New Jersey (the "Victim"), began communicating over the Internet with defendant CHAD CHRISTOPHER CORBIN JR. ("CORBIN"), a 20-year-old man residing outside of the District of New Jersey, in or around West Virginia. Their communications, which took place over various social media and online messaging platforms, were sexually explicit. Based on, among other things, the Victim's statements to law enforcement and a review of the Victim's social media communications with CORBIN, CORBIN was aware that the Victim was a minor, that is, not yet 18 years old.

2. During certain online communications, CORBIN and the Victim made plans for CORBIN to pick up the Victim on or about November 25, 2020, in the District of New Jersey. CORBIN planned to transport the Victim to West Virginia. The investigation has revealed that a second adult man ("Individual-1") agreed to drive CORBIN in Individual-1's car (the "Car"), in order to transport the Victim from the District of New Jersey to West Virginia.

3. On or about November 25, 2020, in the evening hours, CORBIN notified the Victim that CORBIN and Individual-1 had arrived outside the Victim's New Jersey residence, as planned. In response, the Victim met with CORBIN, without notifying anyone at the Victim's home of these plans.

4. Individual-1 then used the Car to transport the Victim and CORBIN out of the District of New Jersey, towards West Virginia. At one point during the trip, while inside the Car, in the presence of Individual-1, CORBIN kissed the Victim, touched her genitalia, lifted her shirt, and placed his head inside. CORBIN and Individual-1 also instructed the Victim to perform oral sex on CORBIN, while inside the Car. The Victim refused. CORBIN and Individual-1 continued to pressure the Victim, and the Victim eventually capitulated and performed oral sex on CORBIN, while inside the Car, in the presence of Individual-1.

5. Individual-1 eventually dropped off CORBIN and the Victim at a hotel in Hancock, Maryland (the "Hotel"), and left them for the evening. From on or about November 25, 2020 through on or about November 26, 2020, while inside a room

at the Hotel, CORBIN and the Victim had vaginal intercourse multiple times.

6. On or about November 26, 2020, Individual-1 picked up CORBIN and the Victim from the Hotel. However, instead of taking them to West Virginia, Individual-1 transported the Victim to Pennsylvania and left the Victim there.

7. Meanwhile, the Victim had been reported missing and law enforcement was conducting a search. Law enforcement learned that CORBIN had planned to transport the Victim to West Virginia. On or about November 26, 2020, law enforcement contacted CORBIN, who stated, in sum and substance, that he and the Victim had planned to meet, but denied traveling to New Jersey for that purpose. CORBIN further told law enforcement that he had not heard from the Victim within the past few days.

8. On or about November 26, 2020, in the evening, law enforcement found the Victim in Pennsylvania.

9. Pursuant to Maryland statute Crim. Law §§ 3-308(b)(2) and 3-308(b)(3), a person may not engage in a "sexual act" or "vaginal intercourse" "with another if the victim is 14 or 15 years old, and the person performing the sexual act is at least 4 years older than the victim . . ." Under Maryland law, "sexual act" is defined as, among other things, "fellatio." Md. Code Ann., Crim. Law § 3-301(d)(1)(iii).