UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Peter G. Sheridan, U.S.D.J. |
| v. | : | Crim. No. 21-929 |
| CHAD CHRISTOPHER CORBIN JR. | : | ORDER FOR CONTINUANCE |

This matter having been brought before this Court by the United States (Philip R. Sellinger, United States Attorney, by Vinay S. Limbachia, Assistant United States Attorney), upon notice to the Court, for an Order granting a continuance of the proceedings in the above-captioned matter from the date of entry of this Order for a period of thirty (30) days, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. The Defendant has been charged by Indictment, Crim. No. 21-929, with one count of transportation of minors in violation of Title 18, United States Code, Section 2423(a).

2. The Defendant was arrested on or about December 14, 2021 in Keyser, West Virginia, and appeared in the United States District Court for the Northern District of West Virginia that same day. On or about December 15, 2021, the Honorable Robert W. Trumble, Magistrate Judge for the Northern District of West Virginia, remanded the Defendant to the custody of the United States Marshals to be transported to the District of New Jersey and ordered that

the Defendant be removed to the District of New Jersey. <u>See</u> Docket 21-mj-00161-RWT, Nos. 10-12.

3. The Defendant is detained in the Grady County Law Enforcement Center in the Western District of Oklahoma. His removal to the District of New Jersey must be by airlift. Once within the District of New Jersey, the Defendant will be able to retain or be appointed counsel. Accordingly, the Defendant has not yet appeared before this Court and has not been able to meet with counsel in this District.

4. On or about January 5, 2022, the Court ordered that this matter be continued from January 5, 2022 to February 4, 2022 and that this thirty-day period be excluded in computing time under the Speedy Trial Act of 1974.

5. Pursuant to Title 18, United States Code, Section 3161(h)(7)(A), the ends of justice are served by granting a continuance here. The Government must prepare the case for trial within seventy days of the filing of the Indictment, which would deny both the attorney for the Government as well the Defendant, who is currently without counsel, "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," <u>see</u> 18 U.S.C. § 3161(h)(7)(iv). Moreover, without the requested continuance, it is unlikely that the parties would be able to engage in meaningful plea negotiations.

6. The United States has thus demonstrated that a thirty (30) day continuance is warranted to account for the delay resulting from the need to

remove the Defendant from the Western District of Oklahoma. Therefore, pursuant to Title 18 of the United States Code, Section 3161(h)(7), the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial.

**WHEREFORE**, it is on this ___1___ day of ___Feb___, 20_22_;

**ORDERED** that this action be, and it hereby is, continued for 30 days from the date this Order is signed through and including March 6, 2022; and it is further

**ORDERED** that the period from the date this Order is signed through and including March 6, 2022 shall be excludable in computing time under the Speedy Trial Act of 1974.

_____
HON. PETER G. SHERIDAN
UNITED STATES DISTRICT JUDGE

3